UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY KINDER, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.

DEARBORN FEDERAL SAVINGS
BANK,

    Defendant.
_____/

Case No. 10-12570

Hon. John Corbett O'Meara

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND MOTION FOR CLASS CERTIFICATION AND DENYING DEFENDANT'S MOTION TO DISMISS

Before the court are Plaintiff's motion for summary judgment on liability, Plaintiff's motion for class certification, and Defendant's motion to dismiss, all of which have been fully briefed. The court heard oral argument on December 8, 2011, and took the matter under advisement.

### BACKGROUND FACTS

Plaintiff Nancy Kinder alleges that Defendant Dearborn Federal Savings Bank ("DFSB") failed to post a notice on its ATM machines informing users that a fee would be imposed on transactions initiated by non-DFSB account holders, as required by the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693, *et seq.* Kinder made electronic fund transfers at Defendant's ATMs on July 12, 2009, August 5, 2009, and March 22, 2010, and was charged a $1.50 fee for each transaction. She alleges that on each occasion, there was no notice posted on the outside of

the ATM machine informing consumers that a fee would be imposed. See 15 U.S.C. § 1693b(d)(3)(B). The EFTA provides that an ATM operator may not impose a fee on a consumer unless notice is provided both on the machine and on the electronic screen of the ATM. Id.

Kinder seeks to represent a class, identified as follows:

> All persons who (1) were charged a "terminal owner fee" at an ATM operated by Defendant when such persons made an electronic fund transfer and/or balance inquiry where (2) no notice indicating that such fee was to be charged was posted on the outside of the ATM machine.

Pl.'s Comp. at ¶ 20. According to Plaintiff, there are approximately 2,000 potential class members. Plaintiff seeks class certification and summary judgment on liability. Defendant has moved for dismissal based upon a lack of standing.

## LAW AND ANALYSIS

### I. Standing

Defendant argues that Plaintiff cannot show standing because she cannot allege injury-in-fact. Specifically, Defendant contends that Plaintiff has not suffered an injury as a result of the failure to include a fee notice on the machine because she received electronic notice of the fee and elected to incur it by continuing with the transaction.

"That a litigant must establish standing is a fundamental element in determining federal jurisdiction over a 'case' or 'controversy' as set forth in Article III of the Constitution." Morrison v. Board of Ed. of Boyd County, 521 F.3d 602, 608 (6th Cir. 2008). "By now, it is axiomatic that a litigant demonstrates Article III standing by tracing a concrete and particularized injury to the defendant – whether actual or imminent – and establishing that a favorable judgment would provide redress." Id. (citing Lujan v. Defenders of Wildlife, 504 U.S.

555, 560-61 (1992)).

> Over the years, our cases have established that the irreducible constitutional minimum of standing contains three elements.  <u>First</u>, the plaintiff must have suffered an "injury in fact" – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not conjectural or hypothetical."  <u>Second</u>, there must be a causal connection between the injury and the conduct complained of – the injury has to be "fairly . . . traceable to the challenged action of the defendant, and not . . . the result of the independent action of some third party not before the court."  <u>Third</u>, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

<u>Lujan</u>, 504 U.S. at 560-61 (citations omitted).

Defendant contends that Kinder essentially caused her own injury because she received notice of the fee on the electronic screen and chose to go ahead with the transaction anyway.  Although this argument has some appeal, it has been rejected by at least one court, which explained: "Plaintiffs allege that they did not receive notice by means of a sign affixed to the exterior of the machine – notice to which they were statutorily entitled.  That is an injury."  <u>In re Regions Bank ATM Fee Notice Litigation</u>, 2011 WL 4036691 (S. D. Miss. Sept. 12, 2011).  In other words, the statute requires notice in two forms: on the machine and on the screen.  Plaintiff's alleged failure to receive notice in the form required by the statute is an injury, notwithstanding the fact that she received notice in another form.  <u>See</u> <u>id.</u>

> That Congress included two forms of damages – actual and statutory – is clear evidence that Congress intended to create a statutory right and a mechanism to redress violations thereof.  Regardless of whether Plaintiffs were aware of the ATM fee, they were entitled to notice of the fee *in the form prescribed by Congress and the Board*.  Congress created a statutory right to a particular form of notice, and Plaintiffs allege that Defendant did not provide it.  That is a concrete, particular injury.

Id. (emphasis in original).  See also Beaudry v. TeleCheck Serv. Inc., 579 F.3d 702, 705-706 (6th Cir. 2009) (noting that Congress "has the power to create new legal rights, [including] right[s] of action whose only injury-in-fact involves the violation of that statutory right").

The court agrees that Plaintiff has standing to pursue her claim.  Accordingly, Defendant's motion to dismiss is denied.

## II.   Plaintiff's Motion for Summary Judgment on Liability

Plaintiff has moved for summary judgment on liability, arguing that it is undisputed that Defendant did not have a fee notice on its ATM machines, as required by the statute.  Indeed, Defendant does not dispute that the notice was missing from its ATM machines.  It argues that Kinder was not harmed, so she should only be entitled to the statutory minimum of $100 in damages.  Defendant's argument is not relevant to liability.  Given that liability is not disputed, the court will grant Plaintiff's motion for summary judgment.

## III.   Motion for Class Certification

Plaintiff has moved for class certification pursuant to Fed. R. Civ. P. 23.  See In re American Medical Sys., Inc., 75 F.3d 1069, 1078-79 (6th Cir. 1996).  The district court is endowed with broad discretion in determining whether to certify a class.  Id.  Such discretion is limited, however, by the necessity of undertaking a "rigorous analysis" within the framework of Rule 23.  Id.

A class action may be maintained if:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  In addition to the above elements, Plaintiff must show that one of the three conditions set forth in Rule 23(b) is met.  Plaintiffs seeks certification under 23(b)(3), which provides that a class may be certified if:

> (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  The matters pertinent to these findings include:
> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b).

Plaintiff has satisfied the four requirements of Rule 23(a) here: numerosity, commonality, typicality, and adequacy of representation.  During the class period, Defendant charged an ATM transaction fee for 5690 transactions by 1961 individuals.  There are questions of law or fact common to the class: the only issue is whether Defendant violated the EFTA by failing to post a fee notice on its ATM machines during the time period in question.  The claims and defenses of the representative parties are typical – indeed, identical –  of the claims and defenses of the class. See Flores v. Diamond Bank, 2008 WL 4861511 (N. D. Ill. Nov. 7, 2008) ("Individual questions are largely non-existent at the liability stage" in EFTA case); Burns v. First American Bank, 2006 WL 3754820 (N. D. Ill. Dec. 19, 2006) ("A claim for statutory damages under EFTA does

not require each class member to prove that he saw the notice on the machine, was confused by the notice or would not have proceeded with the transaction had he been aware that the actual charge would be $2.50.  Each class member's claim requires proof only that EFTA was violated.").  Finally, it appears that Plaintiff will fairly and adequately protect the interests of the class, as her interest and injury is the same as other potential class members.  Defendant does not contest that these elements of Rule 23(a) are met.

With respect to Rule 23(b)(3), the court must find "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."  Fed. R. Civ. P. 23(b)(3).  It is clear that questions of law or fact common to the members of the class predominate, as there do not appear to be any questions affecting individual class members. (Plaintiff seeks only statutory, not actual, damages.)

The only real disputed issue is whether a class action is "superior to other available methods for the fair and efficient adjudication of the controversy."  Id.  Defendant contends that a class action is "unmanageable" here because of the difficulty in identifying and notifying class members and because too few class members would benefit.  The court already rejected Defendant's argument regarding the difficulty of identifying and notifying class members.  Defendant points out that it does not have a way of identifying the non-customers it has charged an ATM fee.  However, although personal notice is not possible, public notice has been approved in other ATM class actions, including those before this court.  For example, in Harrison v. Flagstar Bank, No. 09-12687 (O'Meara, J.), the court approved notice to the class by publication in the Oakland Press, a notice posted on the ATM at issue, and on a website,

www.atmclasssettlement.com.

It is true that providing public notice is not as effective as providing actual notice to individual customers. However, this issue is the same in every EFTA case. In each case, the plaintiffs are not customers of the bank that is alleged to have violated the statute and the defendant does not have identifying information for these customers. Standing alone, this logistical concern cannot preclude EFTA class actions, which are expressly permitted by the statute. See Flores, 2008 WL 4861511. Another district court has pointed out that if Defendant's argument "is taken to the extreme, a class could never be certified for a violation of the EFTA where one bank charges, without proper notification, customers of other banks a fee to use its ATM. In such cases, the violating bank would never have the names and addresses of prospective class members. The logistics of notifying class members surely does not compel such an absurd result, which would serve to insulate operators of ATMs from most class action litigation." Id. at *4.

The court in Burns stated that it "does not pretend that any notice plan will encourage a large number of individuals to come forward and claim what likely will be a minimal award. . . . On the other hand, it is even more unlikely that class members will file individual actions if the proposed class is not certified," given that prospective plaintiffs are unlikely to be aware of their rights. Burns, 2006 WL 3754820 at *11.

Rule 23(c)(2)(B) requires that class members receive "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." "To comport with the requirements of due process, notice must be 'reasonably calculated to reach interested parties.' Due process does not, however, require *actual*

notice to each party intended to be bound by the adjudication of a representative action." Fidel v. Farley, 534 F.3d 508, 514 (6th Cir. 2008) (emphasis in original). The court finds that Defendant's concern regarding notice, in itself, does not render a class action unmanageable in this case. Cf. Mowry v. JP Morgan Chase Bank, 2007 WL 1772142 (N.D. Ill. June 19, 2007) (finding class unmanageable in EFTA action due to the difficulty of identifying and notifying twenty million class members).

The same is true regarding Defendant's concern that "Kinder is using the class action tool to benefit herself and her counsel without any significant corresponding benefit to the class members." Def.'s Br. at 8. Defendant notes that in other ATM cases, very few class members filed a claim. Id. Nonetheless, class treatment is superior in cases like this, where the recovery is small and there is little incentive for individuals and their attorneys to file separate cases. The court understands Defendant's frustration with the EFTA's redundant requirements; however, until Congress acts, the court must enforce the statute as it is written. See generally Murray v. GMAC Mortg. Corp., 434 F.3d 948, 953-54 (7th Cir. 2006) ("[I]t is not appropriate to use procedural devices to undermine laws of which a judge disapproves. . . . While a statute remains on the books . . . it must be enforced rather than subverted.").

The court finds the requirements of Rule 23 are met and grants Plaintiff's motion for class certification.

**ORDER**

IT IS HEREBY ORDERED that Defendant's motion to dismiss is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment on liability is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's motion for class certification is GRANTED.

                                                   s/John Corbett O'Meara
                                                   United States District Judge

Date: December 20, 2011

       I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, December 20, 2011, using the ECF system.

                                                     s/William Barkholz
                                                     Case Manager