UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY KINDER, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.

    Case No. 10-12570

    Hon. John Corbett O'Meara

DEARBORN FEDERAL SAVINGS
BANK,

    Defendant.
_____/

## ORDER REGARDING DAMAGES

This case involves Defendant Dearborn Federal Savings Banks's violation of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693, *et seq.* DFSB failed to post a notice on its ATM machines informing users that a fee would be imposed on transactions initiated by non-DFSB account holders. Plaintiff Nancy Kinder made electronic fund transfers at DFSB ATMs on three occasions and was charged a $1.50 fee for each transaction. On each occasion, there was no notice on the ATM machine informing consumers that a fee would be imposed, although there was a notice on the electronic screen. See 15 U.S.C. § 1693b(d)(3)(B). The EFTA provides that an ATM operator may not impose a fee on a consumer unless notice is provided both on the machine and on the electronic screen of the ATM. Id.

On December 20, 2011, the court granted Plaintiff's motion for summary judgment on liability and her motion for class certification. Rather than proceed to trial on damages, the parties agreed that the court may determine the issue by motion. The parties have completed briefing and the court heard oral argument on September 20, 2012.

Plaintiff seeks statutory, not actual, damages. Plaintiff seeks the statutory maximum of $500,000 for the class, which is approximately $250 per class member. For herself, Plaintiff seeks $1,000 in statutory damages and $3,000 to "compensate Plaintiff for her services to the class." The EFTA provides:

> **(a) Individual or class action for damages; amount of award**
> Except as otherwise provided by this section and section 1693h of this title, any person who fails to comply with any provision of this subchapter with respect to any consumer, except for an error resolved in accordance with section 1693f of this title, is liable to such consumer in an amount equal to the sum of –
>
>> **(1)** any actual damage sustained by such consumer as a result of such failure;
>>
>> **(2) (A)** in the case of an individual action, an amount not less than $100 nor greater than $1,000; or
>>
>> **(B)** in the case of a class action, such amount as the court may allow, except that (i) as to each member of the class no minimum recovery shall be applicable, and (ii) the total recovery under this subparagraph in any class action or series of class actions arising out of the same failure to comply by the same person shall not be more than the lesser of $500,000 or 1 per centum of the net worth of the defendant; and
>>
>> **(3)** in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorneys fee as determined by the court.
>
> **(b) Factors determining amount of award**
> In determining the amount of liability in any action under subsection (a) of this section, the court shall consider, among other relevant factors –
>
>> **(1)** in any individual action under subsection (a)(2)(A) of this section, the frequency and

-2-

> persistence of noncompliance, the nature of such noncompliance, and the extent to which the noncompliance was intentional; or
>
> **(2)** in any class action under subsection (a)(2)(B) of this section, the frequency and persistence of noncompliance, the nature of such noncompliance, the resources of the defendant, the number of persons adversely affected, and the extent to which the noncompliance was intentional.

15 U.S.C. § 1693m.  The court's analysis here focuses on 15 U.S.C. § 1693m(b)(2): "the frequency and persistence of noncompliance, the nature of such noncompliance, the resources of the defendant, the number of persons adversely affected, and the extent to which the noncompliance was intentional," among other relevant factors.

DFSB is a relatively small bank that has five offices and operates four ATMs in Dearborn and Dearborn Heights, Michigan.  DFSB first installed an ATM at its main office on Michigan Avenue in 2001.  This ATM always had both the required fee notices – on the screen as well as on the machine itself.  In 2007 and 2008, DFSB installed three ATMs at its branch offices.  These ATMs had fee notices on their electronic screens, but not on the machines themselves.

DFSB had a policy to conduct and document annual regulatory compliance reviews, including inspecting ATMs for compliance with the EFTA.  Nonetheless, DFSB's Vice President of Operations, Ruth Gornowicz, who is in charge of EFTA compliance, was unaware that the EFTA required both a fee notice on the ATM and on the screen.  Gornowicz described this failure as an "oversight."  After Plaintiff filed this action, DFSB installed fee notices on the ATM machines that lacked them.  During the class period (July 1, 2009, to June 30, 2010), 1,961 individuals conducted transactions at these ATMs.

Several factors counsel against a statutory maximum award of damages in this case.

First, there is no evidence that DFSB's noncompliance was intentional.  One of its ATMs did have the required notice, and DFSB did have a policy to comply with the statute and review its compliance.  Its failure to do so was negligent, but not intentional.  Further, each of DFSB's ATMs did contain the requisite on-screen notice – there is no evidence that DFSB was attempting to deceive consumers or charge a transaction fee without notice.  Indeed, a customer was only charged the $1.50 transaction fee after he agreed to that fee by pressing a button on the electronic screen.  DFSB gains no commercial advantage by not posting the on-machine notice, when its electronic screen (which must be read by the consumer before proceeding) provides the very same notice.

Likewise, neither Plaintiff nor any other class member was truly "adversely affected" by DFSB's failure to post a redundant notice.  Plaintiffs were not, for example, charged the $1.50 fee without their knowledge or agreement.

For all of these reasons, the court finds that a relatively small award of damages is appropriate – $100 for Plaintiff Nancy Kinder and $1.50 per transaction for each class member who files a claim.  The court declines to create a class fund because, based upon its experience in previous ATM cases, it is unlikely that many claims will be filed.

Plaintiff requests that Kinder be awarded an additional $3,000 to compensate her for "her services to the class."  Although some courts have authorized such "incentive awards," the Sixth Circuit has not expressly done so.  See Hadix v. Johnson, 322 F.3d 895, 897 (6th Cir. 2003); cf. Cook v. Niedert, 142 F.3d 1004, 1016 (7th Cir. 1998) ("Because a named plaintiff is an essential ingredient of any class action, an incentive award is appropriate if it is necessary to induce an individual to participate in the suit.").  "In deciding whether such an award is warranted, relevant

factors include the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." Cook, 143 F.3d at 1016.  Kinder has not provided evidence of these or any other factors the court should consider with respect to an incentive award.  Moreover, in light of Kinder's pursuit of several of these types of cases, the court finds that no additional incentive is necessary beyond the $100 in statutory damages already awarded.

## ORDER

IT IS HEREBY ORDERED that Plaintiffs' motion for an award of statutory damages is GRANTED IN PART and DENIED IN PART, consistent with this opinion and order.

IT IS FURTHER ORDERED that Plaintiffs may submit a motion for attorney's fees by **March 22, 2013,** which shall be briefed by the parties in accordance with the local rules.

                        s/John Corbett O'Meara
                        United States District Judge

Date:  March 8, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, March 8, 2013, using the ECF system.

                        s/William Barkholz
                        Case Manager