UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY KINDER, individually and on
behalf of all others similarly situated,

    Plaintiff,

                                                  Case No. 10-12570

v.

                                                  Hon. John Corbett O'Meara

DEARBORN FEDERAL SAVINGS
BANK,

    Defendant.
_____/

**ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES**

Before the court is Plaintiff's motion for attorney's fees, filed April 2, 2013. Defendant filed a brief in opposition on May 10, 2013; Plaintiff submitted a reply on May 23, 2013. The court did not hear oral argument.

Plaintiff is the prevailing party in this action brought pursuant to the Electronic Funds Transfer Act ("EFTA"). On December 20, 2011, the court granted Plaintiff's motion for summary judgment on liability and her motion for class certification. On March 8, 2013, the court awarded statutory damages to Plaintiff in the amount of $100 and to each class member who files a claim in the amount of $1.50. Now Plaintiff seeks attorney's fees under the EFTA, which provides that the prevailing plaintiff is entitled to "a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1693m(a)(3).

Plaintiff seeks $63,203.50 in fees, including $5,683.50 for work done by the Maddin Hauser firm to initiate the case (at hourly rates from $170 to $250 per hour), and $57,520 for

attorney Geoffrey Bestor (at an hourly rate of $400 per hour).

A reasonable attorney's fee award is one that is "adequate to attract competent counsel" but does not "produce windfalls to attorneys." Blum v. Stenson, 465 U.S. 886, 893-94 (1984). Determining a reasonable fee begins with calculating the product of a "reasonable hourly rate" and the "number of hours reasonably expended on the litigation," known as the "lodestar" amount. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). "A district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." Wayne v. Village of Sebring, 36 F.3d 517, 533 (6th Cir. 1994). A useful guideline in determining a reasonable hourly rate is the "prevailing market rate . . . in the relevant community," Blum v. Stenson, 465 U.S. 886, 895 (1984), defined as "that rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." Adcock-Ladd v. Sec'y of Treasury, 227 F.3d 343, 350 (6th Cir. 2000).

"The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Hensley, 461 U.S. at 433. The Hensley court also explained:

> The district court also should exclude from this initial fee calculation hours that were not reasonably expended. Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. "In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority."

Hensley, 461 U.S. at 434 (citations omitted).

Once the court has determined the lodestar amount, the court must consider whether that amount should be adjusted upward or downward to reflect factors such as the "results obtained" in the case. Id. (citing Johnson v. Georgia Hwy. Express, Inc., 488 F.2d 714 (5th Cir. 1974)). The court may also consider the factors identified in Johnson, but the Supreme Court has noted that "many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." Hensley, 461 U.S. at 434 n.9.[1]

Plaintiff's counsel worked a total of 170.3 hours on this matter. The court has reviewed the supporting documentation and finds that this amount is reasonable given that this case has been fully litigated through discovery, dispositive motions, a motion for class certification, and trial briefs on damages. The court does not discern redundant or excessive billing.

Plaintiff's counsel seeks an hourly rate of $170-$250 for attorneys from Maddin Hauser and $400 for Geoffrey Bestor. The court finds Maddin Hauser's rates to be reasonable, in light of the relatively uncomplicated subject matter of this case and the market rates published in the State Bar of Michigan 2010 Economics of Law Practice Summary Report (median rates for Detroit/Ann Arbor are $255/275). Taking these factors into account, the court find that an hourly rate of $300 is reasonable for attorney Bestor. See id. (average rate for Detroit attorney is $290, consumer law attorney is $300). With these slightly revised rates, the lodestar amount is

---

[1] The twelve factors outlined in Johnson are: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." Hensley, 461 U.S. at 430 n.3.

$48,823.50 ($5,683.50 for Maddin Hauser and $43,140 for Bestor).

Defendant seeks an absolute or significant reduction in the lodestar amount based upon the degree of success obtained, a percentage of the class fund method, or that the case is one of many "cookie-cutter" ATM cases. The court declines to award attorney's fees based upon a percentage of the class fund, because the court refused to create a class fund in this matter. Although the court agrees that this case is based upon a "cookie-cutter" complaint, the court also notes that this case has been litigated more vigorously than most of the EFTA cases in this district, which have settled at an early stage.

The court does find that Plaintiff's attorney fees request is disproportionate to the degree of success she obtained in this litigation. The court notes, however, that the disparity is a function of the scheme created by EFTA, in which a plaintiff who has not suffered an actual injury is entitled to vindicate statutory rights. Therefore, the court finds that a complete reduction of fees to zero to be unwarranted and contrary to the statute.

In other EFTA class action cases, this court has approved attorney's fees in the amount of $8,750, $15,000, $40,000, and $15,000 (approximately 25% of the fund). See Def.'s Ex. B. See also Hart v. Guardian Credit Union, 870 F. Supp.2d 1300 (M.D. Ala. 2012) (awarding $19,000 in EFTA case, citing $20,000 award in another EFTA case). In light of these comparables, the type of case, the amount of work required, and Plaintiff's degree of success, the court finds that $30,000 is an appropriate fee.

**ORDER**

THEREFORE, IT IS HEREBY ORDERED that Plaintiff's motion for attorney's fees is GRANTED IN PART and DENIED IN PART, consistent with this opinion and order.

                                                  s/John Corbett O'Meara
                                                  United States District Judge

Date:  July 3, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, July 3, 2013, using the ECF system.

                                                  s/William Barkholz
                                                  Case Manager